IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL NO. 13-338 |
| | : | |
| MIGUEL GARCIA | : | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, by his attorney, James F. Brose, Esquire, hereby files a sentencing memorandum to request the Court sentence defendant to a term of incarceration in line with the range suggested by the government in its sentencing memorandum.

I. FACTS.

1. On November 14, 2013 defendant Miguel Garcia, hereinafter ("Garcia"), pled guilty before the Honorable Chief Judge Petrese B. Tucker to conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §841(a)(1), (b)(1)(B), and 21 U.S.C. §846, and possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §841(a)(1), and (b)(1)(C).

2. Specifically, Garcia admitted to conspiring to distribute between 1 kilogram and 3 kilograms of heroin.

3. Pursuant to the plea agreement, Garcia stipulated that he was previously convicted of a felony controlled substance offense and that his statutory maximum sentence

1

and mandatory minimum sentence should include that offense as a basis for calculation.

II. <u>GUIDELINE RANGE CALCULATIONS</u>.

6. The drug quantities attributable to Garcia for sentencing are based upon the quantity of heroin distributed by the group of conspirators. Pursuant to the plea agreement and the facts of the case, the amount attributed to Mr. Garcia is between 1 and 3 kilograms of heroin.

7. Pursuant to Section 2D1.1 of the Sentencing Guidelines, the amount of drugs attributable to Garcia which equates to a Base Offense Level Score of 32.

8. Garcia is entitled to a reduction of 3 points for his acceptance of responsibility under Sections 3E1.1(a) and (b).

10. Accordingly, Garcia's Adjusted Offense Level and Total Offense Level are 29.

11. Garcia has one prior criminal conviction, which totals three (3) prior criminal history point, so pursuant to U.S.S.G. Chapter 5, Part A, he falls into Criminal History Category II.

12. Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 29 and a criminal history category of II, the guideline range for imprisonment is 97 to 121 months.

13. Pursuant to 21 U.S.C. §846 and §8419b)(1)(A) and because Garcia has been previously convicted of a felony

drug crime, he is subject to a mandatory minimum sentence of twenty (20) years.

III. <u>APPLICABLE DEPARTURES</u>.

A downward departure is applicable as set forth by the government in its sentencing memorandum.

It should also be noted that the Pre-sentence report indicated an upward departure may be warranted pursuant to USSG §4A1.3 because the defendant was on bail for a 2010 case in Philadelphia when he committed the instant offense. However, the underlying case was dismissed by the Court in March of 2012, and the Commonwealth appealed. The appeal was granted in July, 2013. The activity involved in this case occurred from July 2012 until September 2012, so Mr. Garcia was not on bail at the time of the offense.

IV. <u>VARIANCES REQUESTED BASED ON 18 U.S.C.§3553(a) FACTORS</u>.

    a.   <u>Nature and Circumstances of the Offense</u>.

This case involves a conspiracy to distribute heroin. Garcia acted as a translator and a go-between in the conspiracy. He was not even paid any money for his role. Rather, he was paid in drugs to feed his lifelong and substantial addiction to drugs.

    b.   <u>History and Characteristics of the Defendant</u>.

Mr. Garcia is a 45-year old man who is unmarried and lives with his sister. He has three biological children, two of whom are adults, and one of whom is 13 years old. He

maintains contact with his children but does not share in their support or custody.

Mr. Garcia is from a broken home. His father abandoned the family at an early age and he was raised primarily by his mother, who he remains very close to, and who he helps care for.

Mr. Garcia has a GED degree and he attended some college level courses in 2012. He has a limited employment history with his experience being in fast food. He intends to get into drug counseling.

Mr. Garcia is a long-time drug addict, who has maintained sobriety since being released from a 28-day in-patient program in June of 2013. All reports indicate Mr. Garcia has been managing his life fairly well since becoming sober, and importantly he has complied with all pre-trial conditions since his arrest.

    c.    <u>Section 3553(a)(2) Factors</u>.

18 U.S.C. §3553(a) states, "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

Those purposes are: 1) to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, 2) to afford adequate deterrence to criminal conduct, 3) to protect the public from further crimes of the defendant, 4) to provide care, training, and treatment to the defendant.

The Court will apply its own reasoning to the application of the first two factors set forth in Section 3553(a)(2), but a starting point will likely be the applicable sentencing guidelines. Pursuant to U.S.S.G. Chapter 5, Part A, the guideline range for imprisonment is 97 to 120 months in this case even though Mr. Garcia has only one prior conviction on his record. While these sentencing guidelines are now advisory under United States v. Booker, 125 Sup. Ct. 738, 2005 WL 50108 (2005), they are often used as a starting point for determining an appropriate sentence.

Mr. Garcia contends the guidelines overstate the seriousness of his role in this offense, and he requests the Court vary downward from them. To be sure, the organization involved was dealing a significant quantity of heroin, but Mr. Garcia acted largely as a translator in exchange for drugs to support his habit. When his home was searched pursuant to a warrant on September 6, 2012, only slightly over one gram of heroin was found (compared to 438 grams and 235 grams found in other houses raided that day).

Moreover, Mr. Garcia's mandatory minimum sentence was doubled from 10 to 20 years in this case because of a prior conviction for possessing with the intent to deliver heroin in 2005. However, the amount of heroin he was arrested with in that case was less than 1 gram. So, that small amount from one previous conviction has resulted in an additional 10 years of a mandatory minimum.

5

This Honorable Court can fashion a sentence for a period of far less incarceration than the applicable guideline range and still meet the goals of promoting respect for the law, providing punishment, and deterring future criminal conduct in this case.

The defendant cites the government's sentencing memorandum for the best reasons to sentence Mr. Garcia to a period of incarceration well below the mandatory minimum and guideline ranges in this case.

V.   CONCLUSION.

For the above-stated reasons, defendant requests this Honorable Court to adopt the recommended sentence of the government in its sentencing memorandum.

>                    Respectfully Submitted,
>
>
>                    /s/James F. Brose
>                    James F. Brose, Esq.
>                    206 South Avenue
>                    Media, PA  19063
>                    610-891-1989